PHILLIP A. TALBERT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-93-DAD |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| WAYNE LEE HAUZER, | DATE: March 14, 2023 |
| Defendant. | TIME: 9:30 a.m.<br>COURT: Hon. Dale A. Drozd |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 14, 2023.

2. By this stipulation, defendant now moves to continue the status conference until April 25, 2023, and to exclude time between March 14, 2023, and April 25, 2023, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has produced discovery that consists of over 5,600 pages of Bates-labeled items, which include investigative reports, search warrants, third party records, audio recordings of the defendant's statements, and a 762-page document containing a sanitized version (with all material covered by 18 U.S.C. § 3509(m) removed) of certain key evidence that was extracted from defendant's cell phone. In addition, the government has made physical

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

evidence available for defense review at the FBI's Roseville office.  The physical evidence includes electronic devices, a firearm, ammunition, and evidence that must stay in the possession of the government pursuant to 18 U.S.C. § 3509(m).  Defense counsel has conducted an initial review of the physical evidence at FBI, including reviewing some of the alleged child pornography.

   b) Counsel for defendant desires additional time to continue reviewing the evidence, conduct additional defense investigation, consult with her client, conduct legal research, and to otherwise prepare for trial.  As part of its investigation and preparation, the defense recently obtained an order from this Court directing probation to calculate the defendant's criminal history score prior to the resolution of this case.  Probation was given a deadline of April 1, 2023.  Probation's calculation of the defendant's criminal history score will help defense counsel know the defendant's potential sentencing exposure and will inform the defendant's decision about how he may proceed in this case.  Once probation has provided this information to the parties, defense counsel will need time to further consult with her client about the evidence and potential outcomes of this matter, and to confer with the government.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 14, 2023 to April 25, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 8, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

Dated:  March 8, 2023

/s/ CHRISTINA SINHA by Shelley Weger as authorized on 3/8/2023
CHRISTINA SINHA
Counsel for Defendant
WAYNE LEE HAUZER

**ORDER**

Pursuant to the stipulation of the parties and good cause appearing, the status conference in this case is continued to April 25, 2023, and time is excluded between March 14, 2023, and April 25, 2023, under Local Code T4.

IT IS SO ORDERED.

Dated:  **March 8, 2023**

_____
UNITED STATES DISTRICT JUDGE